NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DARREN C. HAYWOOD, *Appellant*.

No. 1 CA-CR 16-0383
FILED 8-3-2017

Appeal from the Superior Court in Maricopa County
No.  CR2014-103472-001
The Honorable Erin O'Brien Otis, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Bain & Lauritano, Glendale
By Amy E. Bain
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

**J O H N S E N**, Judge:

¶1 Darren C. Haywood timely filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), following his convictions of two counts of aggravated assault, each a Class 3 dangerous felony; two counts of aggravated assault, each a Class 2 dangerous felony; attempted first degree murder, a Class 2 dangerous felony; and one count of criminal trespass, a Class 1 misdemeanor. Haywood's counsel has searched the record on appeal and found no arguable question of law that is not frivolous. *See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. at 744; *State v. Clark*, 196 Ariz. 530 (App. 1999). Haywood was given the opportunity to file a supplemental brief but did not do so. Counsel now asks this court to search the record for fundamental error. After reviewing the entire record, we affirm Haywood's convictions and sentences, as modified.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Haywood and his wife were arguing at their home one morning.[1] A friend of his wife's was present, and Haywood struck the friend twice on the head with the butt of a revolver. Haywood then left the house with the gun and walked into the front yard of another home, where he fired at a responding police officer. From there he entered a nearby fenced backyard and crawled into a doghouse. Police officers tried to negotiate a peaceful resolution, but Haywood fired at another police officer before he himself was shot and seriously wounded.

¶3 A jury found Haywood guilty of two counts of aggravated assault in connection with his pistol-whipping of his wife's friend; one count of aggravated assault and one count of attempted first-degree murder

---

[1] Upon review, we view the facts in the light most favorable to sustaining the jury's verdicts and resolve all inferences against Haywood. *State v. Payne*, 233 Ariz. 484, 509, ¶ 93 (2013).

in connection with his shooting at the officer in the first yard; another count of aggravated assault in connection with the shots he fired at the officer in the second yard; and one count of criminal trespass in the first degree, in violation of Arizona Revised Statutes ("A.R.S.") sections 13-1101 (2017), -1105 (2017), -1204 (2017), -1504(A)(2) (2017), -1504(B).[2] The superior court found one prior felony conviction but, rather than using it to enhance the sentences, used it only as an aggravating factor, and sentenced Haywood to an aggregate term of 43 years. The court granted Haywood 646 days of presentence incarceration credit.

¶4 Haywood timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2017), 13-4031 (2017) and -4033 (2017).

## DISCUSSION

¶5 The record reflects Haywood received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages. The court held appropriate pretrial hearings.

¶6 The court did not conduct a voluntariness hearing; however, the record did not suggest a question about the voluntariness of Haywood's statements to police. *See State v. Smith*, 114 Ariz. 415, 419 (1977); *State v. Finn*, 111 Ariz. 271, 275 (1974).

¶7 The State presented both direct and circumstantial evidence sufficient to allow the jury to convict. The jury was properly comprised of 12 members. The court properly instructed the jury on the elements of the charges, the State's burden of proof and the necessity of a unanimous verdict. The jury returned a unanimous verdict, which was confirmed by juror polling. The court received and considered a presentence report, addressed its contents during the sentencing hearing and imposed legal sentences for the crimes of which Haywood was convicted.

## CONCLUSION

¶8 We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. We affirm the convictions and the resulting sentences, but modify the minute entry order the court entered after the September 11, 2015 "trial on priors" to state that Haywood was convicted in Maricopa County Superior Court Cause No. CR2008-009327-

---

[2]     Absent material revision after the date of an alleged offense, we cite a statute's current version.

004, for use of a wire in a drug-related transaction, a Class 4 non-dangerous felony, committed on August 8, 2008.

**¶9** Defense counsel's obligations pertaining to Haywood's representation in this appeal have ended. Counsel need do no more than inform Haywood of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the court's own motion, Haywood has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Haywood has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA

4